FILED

AUG 17 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SABINO RODRIGUEZ-HERNANDEZ,

Defendant - Appellant.

No. 11-50306

D.C. No. 3:10-cr-05085-JAH-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted August 10, 2012
Pasadena, California

Before: SILVERMAN and WARDLAW, Circuit Judges, and FOGEL, District
Judge.[**]

Sabino Rodriguez-Hernandez appeals his conviction following his

conditional guilty plea to one count of being a deported alien in the United States,

in violation of 8 U.S.C. § 1326(a) & (b). Rodriguez-Hernandez argues that the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Jeremy D. Fogel, United States District Judge for the
Northern District of California, sitting by designation.

district court erred in denying his motion to dismiss the indictment on the ground that his initial deportation was invalid. We conclude that Rodriguez-Hernandez validly waived his right to appeal the decision of the Immigration Judge (IJ), and we affirm the district court.

On September 9, 1999, the IJ ordered Rodriguez-Hernandez removed on the basis that he had been convicted of an aggravated felony. Rodriguez-Hernandez waived his right to appeal, was deported, and subsequently re-entered the United States. Rodriguez-Hernandez now claims that the original deportation order was in error and that he did not understand English well enough to give a "considered and intelligent" waiver of his right to appeal. *Ubaldo-Figueroa*, 364 F.3d at 1048 (citation omitted). The government bears the burden of demonstrating by "clear and convincing evidence" that the defendant's waiver was considered and intelligent. *See United States v. Pallares-Galan*, 359 F.3d 1088, 1097 (9th Cir. 2004).

The government has met its burden. The record demonstrates that Rodriguez-Hernandez sufficiently understood the proceedings. Rodriguez-Hernandez elected to hold the proceedings in English, declining the opportunity to proceed in Spanish. According to the record, Rodriguez-Hernandez learned English while attending school exclusively in the United States, beginning in Head

2

Start and continuing through two years of high school. In contrast to the "numerous" and "repeated" expressions of difficulty understanding which we have held in other cases to signal a lack of comprehension, the transcript of the deportation proceeding shows that Rodriguez-Hernandez responded intelligently to the IJ's questions and understood the nature of the proceedings here. *Perez-Lastor v. INS*, 208 F.3d 773, 778-79 (9th Cir. 2000).

Although Rodriguez-Hernandez expressed momentary confusion regarding the legal term "object," in response the IJ both explained the term and repeated the question a second time in a form that Rodriguez-Hernandez understood. The IJ also throughly described to Rodriguez-Hernandez the detailed consequences of his waiver, and went so far as to explain that other courts might disagree with the IJ's findings. The IJ's extremely thorough colloquy concerning Rodriguez-Hernandez's right to appeal allowed Rodriguez-Hernandez time to consider whether to exercise that right, and he gave affirmative, nonequivocal responses to the IJ's questions. *See Pallares-Galan*, 359 F.3d at 1097 (9th Cir. 2004) (holding that an IJ must adequately explain the consequences of a waiver to the individual who will be deported). Given these factors, we conclude that Rodriguez-

Hernandez validly waived his right to appeal, and he is therefore barred from collaterally attacking the original deportation order.[1]

**AFFIRMED.**

---

[1]Because we conclude that Rodriguez-Hernandez validly waived his right to appeal and therefore cannot collaterally attack his prior deportation, we do not reach the question of the validity of the underlying deportation.